# Court of Appeals
# of the State of Georgia

ATLANTA,  June 08, 2026

*The Court of Appeals hereby passes the following order:*

## A26A2041. TYSON T. WHITE v. THE STATE.

In May 2022, Tyson T. White pleaded guilty to incest, aggravated sexual battery, aggravated assault, two counts of child molestation, and cruelty to children in the first degree. In June 2023, White filed an extraordinary motion to withdraw his guilty plea, which the trial court denied on October 6, 2024. In January 2026, White filed a motion for leave to file an out-of-time appeal, pursuant to OCGA § 5-6-39.1. The trial court denied his motion, and White has filed a notice of appeal. We lack jurisdiction.

In *Cook v. State*, 313 Ga. 471, 506(5) (870 SE2d 758) (2022), the Supreme Court of Georgia determined that a trial court lacks authority to grant an out-of-time appeal, and that any remedy involving an out-of-time appeal must be sought in habeas corpus. In response, the legislature enacted OCGA § 5-6-39.1, which became effective on May 14, 2025. This statute allows for defendants to seek out-of-time relief if (1) the defendant moves for leave to file an out-of-time motion for new trial or notice of appeal within 100 days from the expiration of the time period for the filing of such motion or notice, or (2) the defendant had an out-of-time motion or appeal dismissed under *Cook*.

Here, OCGA § 5-6-39.1 does not apply to White because he neither filed a motion for out-of-time appeal within 100 days from the expiration of the time period for filing a notice of appeal nor had a motion for out-of-time appeal dismissed under

*Cook.* Accordingly, White is not entitled to out-of-time relief, and this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,*___06/08/2026_____

     *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

     *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*